United States District Court
Southern District of Texas
**ENTERED**
November 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARCOS LOPEZ ORTIZ, | § | |
| TDCJ #01049113 | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 3:20-cv-0190 |
| VS. | § | |
| | § | APPEAL NO. 20-40502 |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Marcos Lopez Ortiz, a Texas state inmate, filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2001 state-court conviction for aggravated robbery (Dkt. 1). On June 29, 2020, the court dismissed the petition as successive (Dkt. 3). Ortiz filed a notice of appeal (Dkt. 4). To be effective, Ortiz's notice of appeal had to be filed on or before July 29, 2020. His notice of appeal is dated July 23, 2020, but was not received for filing until August 3, 2020. To resolve whether Ortiz filed a timely notice of appeal, the Fifth Circuit remanded this case for a formal determination on whether he delivered his notice of appeal to prison officials on or before the July 29, 2020 deadline (Dkt. 7). This court ordered the respondent to file a response, along with a sworn copy of the outgoing legal mail logs from Ortiz's prison unit, no later than October 13, 2020 (Dkt. 8).

Ortiz has filed a motion for default judgment, alleging that the respondent failed to file a responsive pleading by October 13, 2020, as ordered by the court (Dkt. 12). Rule 55

of the Federal Rules of Civil Procedure provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Courts in this circuit follow a policy that favors resolving cases on the merits and against the use of default judgments. *See, e.g., Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Thus, it is well established that "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

The record reflects that on October 13, 2020, the respondent moved for an extension of time until October 27, 2020 (Dkt. 10), which the court granted (Dkt. 11). On October 27, 2020, the respondent filed his response (Dkt. 13). Because the respondent timely filed his response, Ortiz cannot demonstrate an entitlement to the relief sought.

Accordingly, the court **ORDERS** that Ortiz's motion for default judgment (Dkt. 12) is **DENIED**. Ortiz's pending motion for a copy of his petition (Dkt. 15) is **GRANTED**. The clerk's office will provide a copy of the petition for writ of habeas corpus (Dkt. 1) to Ortiz.

SIGNED on Galveston Island on ___November 9th_____, 2020.

_____

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

2/2